**HUDSON et al. v. FUSON et al.** (No. 3153.)

Court of Civil Appeals of Texas. Amarillo. Jan. 9, 1929.

Rehearing Denied Feb. 27, 1929.

McLean, Scott & Sayers and Wm. R. Watkins, all of Fort Worth, and J. C. Mahan, of Wellington, for plaintiffs in error.

R. H. Cocke, L. E. Gribble, C. C. Small, and R. H. Templeton, all of Wellington, for defendants in error.

JACKSON, J. This is an appeal prosecuted by writ of error from a judgment in the district court of Collingsworth county, Texas, affirming the judgment of the county court of said county, theretofore rendered, admitting to probate the will of Amanda J. Stewart, deceased. The contestants, hereinafter called appellants, are the heirs at law of Amanda J. Stewart, but under the terms of her will they received none of her estate. All of her property, both real and personal, with a few minor exceptions, was devised and bequeathed to the Pentacostal Church of the Nazarene at Wellington, Texas.

The appellants, as a basis for their attack upon the validity of the will, allege that the testatrix, Amanda J. Stewart, at the time the will was executed, was of unsound mind, and did not possess testamentary capacity to make the will, and that the will was made and executed as the result of undue influence exercised upon her by the executor therein named, Frank Fuson, and the subscribing witnesses thereto, W. L. Jones and his wife, Sarah Jones. The proponents of the will, whom we will designate as appellees, answered by general demurrer and general denial.

In answer to special issues submitted by the court, the jury found, in effect, that the testatrix, Amanda J. Stewart, executed the will offered for probate, that she was not induced to do so by undue influence, and that she was of sound mind at the time she executed the will.

The appellants urge as error the action of the trial court in permitting, over their objection, several witnesses to testify that in their opinion the testatrix was, on the date the will was executed, capable of and did know her property and the extent thereof, and was capable of and did know the objects of her bounty—her relatives, friends, and those near to her. The objection presented is that such testimony is the conclusion of the respective witnesses so testifying, and an invasion of the province of the jury.

■ The rule is well settled that the court should not permit a witness to testify that in his opinion a person has or has not the mental capacity, and is or is not capable of making a will, a contract, or a deed.

"It is easy to see that on principle the opinion of no witness whatever is needed to tell the court whether testamentary capacity existed, because that is a matter of applying

a legal definition to the data of the testator's mental condition, and the judge (in theory) needs no assistance on that point, even from a legal witness. The data of a mental condition are to be presented, and the jury, under the judge's instructions, are to apply the definition to them." Wigmore on Evidence (2d Ed.) Vol. 4, par. 1958.

"No witness, whether he be a subscribing witness, an expert, or a nonexpert, will be permitted, over proper objection, to state his opinion of the capacity of the testator or the maker of any contract to make such instrument, when such opinion assumes the shape and has the effect of being an opinion upon the legal capacity of the party in question. * * * This is a question of law, and not of medical science. It is for the jury, under the instruction of the court as to what is sufficient mental capacity to make a will, to decide on its existence or nonexistence when the will was executed, from the facts testified to by the witness, and not from the witness' opinion regarding such facts." Brown v. Mitchell, 88 Tex. 350, 31 S. W. 621, 36 L. R. A. 64.

This has been the uniform holding by the courts of Texas since the announcement of the rule in the case, supra. However, in the same opinion, the Supreme Court of this state says: "It is important to keep before us in the discussion of this question the distinction between opinions of witnesses upon a mental condition, as sanity or insanity and the like, which are allowed by nearly all of the authorities, and such opinions when directed to the question of legal capacity to perform the act in question."

The testimony shows that the witnesses to whose testimony this objection is urged had known the testatrix from 15 to 20 years, were well acquainted with her, transacted business with her, associated with her, and had ample opportunity to know the facts upon which they based their opinion. In fact, it is not contended that the witnesses were not amply qualified to give the testimony. The testatrix had no children, but one half-sister living, and the appellants are nieces and nephews of the testatrix. There was no close association between the appellants and the testatrix. The record is not very complete on the amount, value, or extent of the property disposed of by the will; but the testimony indicates that the estate consisted of a farm, some town lots, and household property.

In the case of Adams v. Adams (Tex. Civ. App.) 253 S. W. 605, the trial court refused to permit a physician, who was a witness, to state in reply to a hypothetical question that a person "in the condition described did not have sufficient intelligence of mind to understand the objects of his bounty, and his obligations thereto, and affection for his children, and the disposition and partition of his

estate," and the court says: "We believe the trial court committed error in excluding the question, on the ground that it called for a 'legal conclusion.'" Writ dismissed 114 Tex. 582, 378 S. W. 1114. In the case of Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311, the court held that it was permissible for a witness to state that in his opinion the testatrix had sufficient mental capacity to understand the nature and effect of her action in transacting a business matter, if same were fully explained to her. See, also, Smith v. Guerre (Tex. Civ. App.) 175 S. W. 1098; Campbell v. Campbell (Tex. Civ. App.) 215 S. W. 134; Beasley v. Faust (Tex. Civ. App.) 217 S. W. 179.

■ Under the rules of evidence in cases of this character, the distinction between what is a fact and what is the opinion of a witness is shadowy. Encyclopædia of Evidence, vol. 14, p. 384. But a witness qualified under the law may state his opinion on the sanity or insanity of a testator, although it is a conclusion, because it is based on facts known to the witness. Alexander's Commentaries on Wills, vol. 1, par. 384. The witnesses, having had a long acquaintance, association, and observation of the testatrix, her actions, and conduct, and having heard her converse about the objects of her bounty and her property and the extent thereof were authorized to state their opinion 'as to the fact that she was capable of and knew the objects of her bounty and her property and the extent thereof. Such testimony was but the opinion of the witnesses on her "mental condition," and was not a conclusion on the questions of her "legal capacity" to make a will.

■ The appellants assign as error the action of the court in permitting the witness R. H. Templeton to testify to transactions and conversations had with the testatrix, because he drafted the will, was an attorney participating in the trial in behalf of appellees, that he had a contract for a contingent fee, and hence was prohibited from testifying against appellants relative to such transactions and conversations by article 3716, Revised Civil Statutes.

The conversation and transaction objected to were a conference had with the testatrix, at her request, by the witness, in which conversation and transaction he was given the information as to the property of the testatrix and the disposition she desired to make thereof, upon which information he drew the will. At that time the witness R. H. Templeton was county judge of Collingsworth county. At the time the will was probated in county court, he recused himself as judge. In the trial in the district court he was appointed attorney ad litem to represent Ruth Jones, a minor, who was a legatee under the will. At the request of Judge C. C. Small, who had been attorney in the case,

but was then disqualified, the witness Templeton took Judge Small's place as attorney in the trial of the case. He had no contract with Judge Small, or the proponents of the will, nor any one else, to receive any fee; but Judge Small and the other attorneys were prosecuting the case on a contingent fee, and the witness stated, if they offered him anything for his services, he would accept it.

Article 3716, Revised Civil Statutes, is given a strict construction, and will not be extended to evidence which is not clearly within its meaning. Olschewske v. Priester et ux. (Tex. Com. App.) 276 S. W. 647, and authorities cited. In Crosby v. First Presbyterian Church of El Paso, 45 Tex. Civ. App. 111, 99 S. W. 584, it is held that the interest of a member of the church in church property was too uncertain and remote to come within the range of the statute cited supra, and therefore they were not inhibited by said statute from testifying to conversations and transactions with the deceased.

It has been decided that a legatee cannot be concluded from testifying to conversations and transactions with a deceased during his lifetime concerning the subject-matter of the suit by said article. Gamble v. Butchee, 87 Tex. 643, 30 S. W. 861; Houston Transfer & Carriage Co. et al. v. Williams (Tex. Com. App.) 221 S. W. 1081. This assignment is overruled.

This disposes of all the assignments relative to the admissibility of testimony.

Appellants challenge as error the action of the court in denying them the right to open and close the case in presenting evidence and argument, because the proceedings were in the district court and were so nearly original as to place the burden of proof upon contestants.

Article 8281, R. C. S., provides, among other things, that in order for a person to make a will he must be of sound mind. Article 3348, R. C. S., provides that, before a will is admitted to probate, it must be proved that the testator was of sound mind. The provisions of these articles clearly placed the burden of proof upon the proponents to prove that the testatrix, Amanda J. Stewart, was of sound mind, before the will could be probated in the county court. Article 3291, R. C. S., gives the district court appellate jurisdiction over the county court for probating wills, and article 3702, R. C. S., provides that a case appealed from the probate court to the district court shall be tried de novo in the district court.

The court correctly instructed the jury that the burden of proof in district court was on the proponents of the will to prove that the testatrix was of sound mind. "The better rule is that the burden of establishing the validity of a will, including the testamentary capacity of the testator, is always on the pro-

ponent. * * * It is for the jury to consider all the evidence, and to give attention to the legal presumptions under the instructions of the court, and, if the proponent has not established the will by a preponderance of the evidence, the verdict shall be in favor of the contestant." Commentaries on Wills, Alexander, vol. 1, p. 402.

The charge of the court does not affirmatively place the burden of proof on either the appellants or appellees on the issue of undue influence. The charge of the court is not assailed in this particular, nor the sufficiency of the evidence on either of the issues submitted by the court, and the appellants are not in a position to complain. Wiedner et al. v. Katt (Tex. Civ. App.) 279 S. W. 909.

The judgment is affirmed.