GAINER v. JOHNSON et al.

No. 11985.

Court of Civil Appeals of Texas. Galveston.

May 20, 1948.

Mudgett & Mudgett and John M. Barron, all of Bryan, for appellant.

Hays Bowers, of Caldwell, for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the district court of Burleson County denying the application of C. S. Gainer for the probate of the alleged last will and testament of Florence Hodrick Carey, deceased, and for his appointment as executor of the deceased's estate under the terms of said will. Application to probate the will was brought in the county court of Burleson County, sitting in probate matters. Lucille Johnson, as next friend of her minor children, filed opposition and objection to the probate of the will for the alleged reason that the will was made under undue influence exercised upon her by the legatees under said will and because of deceased's mental incapacity at the time of the execution of the will. They alleged that said will was not executed under the formalities required by law in that it was not in the handwriting of the deceased, that it was not signed or witnessed by her as required by law, and that it was not published or declared by the deceased to be her last will and testament. Contestants alleged that they were the heirs at law of the deceased and were interested in her estate.

Said will was admitted to probate in the county court and C. S. Gainer was appoin-ted executor of deceased's estate. On appeal to the district court of Burleson County, a jury found in answer to special issues submitted that C. S. Gainer and B. A. McGlochlin, whose signatures appeared as witnesses to the will, did not sign said will in the presence of the deceased or at her request; that the instrument introduced in evidence and alleged to be the last will and testament of Florence Hodrick Carey was caused to be executed through undue influence exerted upon the deceased by Rosa and Ernest Thomas, and that the deceased had requested C. S. Gainer to sign her name to said instrument in her presence. Judgment was rendered denying the probate and record of the will.

Appellant predicates his appeal on the alleged fact that the undisputed evidence clearly established the fact that said will had been attested by C. S. Gainer and B. A. McGlochlin as required by law and that, there being no evidence to the contrary, the court erred in submitting special issues Nos. 1 and 2 inquiring as to whether Gainer and McGlochlin had signed said will as witnesses in the presence of the deceased and at her request. Proponents contend that, there being no competent evidence of undue influence on the part of the beneficiaries under the will, the court erred in submitting special issue No. 4, in which the jury found that the will was caused to be executed through undue influence upon the deceased. They contend that, the execution of the will by testatrix with the formalities and under the solemnities required by law were clearly established by the undisputed evidence, and that, since there was no evidence in the record to raise an issue of fact on which to base a contest to the probate of the will, the court erred in failing to withdraw the case from the jury and rendered judgment for proponents.

The deceased, Florence Hodrick Carey, died on December 20, 1946, leaving the following will:

"State of Texas

"Co. of Brazos

"Know all men by these presents: That I, Florence Hodrick Carey of Snook, Burleson Co., Tex., of sound mind and dis-

posing memory—do by these presents will & bequeath my entire estate & property of whatsoever kind to my (2) two certain neices share and share alike—to wit: To Rosie Thomas wife of Ernest Thomas of Burleson Co., Texas, and to Eliza Johnson, wife of W. J. Johnson of Bryan, Brazos Co. Texas—I will that all of said property be sold including my mules, wagon & tools etc & the money divided to each of the above named neices in even quantity & that the interest of mine in the homestead of my father & stepmother and 40 acres of land on old River, also goes to them my homestead of 2¼ acres also 24 acres of land left me by my father—N. W. of Caldwell, Texas. I want C. S. Gainer of Bryan, Tex, to dispose of this property & pass the proceeds as requested. And any other property that I may hereafter acquire to be handled like wise.

"Witness my hand this May 25th. 1946 at Bryan, Texas.

"Florenc Hodrick x Carey

her
mk

"Witnesses
"C. S. Gainer
"B. A. McGlacklin"

The will was proven in open court by the testimony of C. S. Gainer, who was not a beneficiary under the will, and by the testimony of B. A. McGlochlin, a disinterested witness. It is undisputed that the will was not executed by the two witnesses in the presence of each other, and that the testatrix did not sign the will in the presence of the attesting witness B. A. McGlochlin, though she did sign it in the presence of the witness C. S. Gainer, who made her mark and signed her name to the will at her request and in her presence.

It is undisputed that neither of the witnesses to the will would receive benefits under the will as a devisee or beneficiary. The witness B. A. McGlochlin testified that, on or about May 26, 1946, the day after the will was dated, testatrix came to his store and requested that he sign his name to the will as a witness; that he did so. He testified that he knew that the negro woman who made this request was Florence Hodrick Carey, the testatrix.

Art. 8283, Vernon's Ann.Civ.St., reads· "Every last will and testament except where otherwise provided by law, shall be in writing and signed by the testator or by some other person by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses above the age of fourteen years, subscribing their names thereto in their own handwriting in the presence of the testator."

In construing said Article 8283, Revised Civil Statutes, the Courts of this State have uniformly held that the "Attestation of a will consists in the act of witnessing the performance of the statutory requirements to a valid execution. This is done by the witnesses signing their names to the instrument in the presence of the testator. It is not required in this state that the witnesses sign the instrument in the presence of each other." Davis v. Davis, Tex.Civ.App., 45 S.W.2d 240, 241; Ludwick v. Fowler, Tex.Civ.App., 193 S. W.2d 692, writ refused, n. r. e.

In the case of Franklin et al. v. Martin, Tex.Civ.App., 73 S.W.2d 919, writ refused, it was held that a will signed for testator and under his direction and afterwards acknowledged by him to attesting witnesses as his will, and as expressing his testamentary intentions, was valid, though not executed in subscribing witnesses' presence or otherwise actually identified by them.

The courts of this State have uniformly held that a person of sufficient mental capacity to make a will has a right to devise his property as he may see fit so long as he transgresses no law and that a person, in making a will, rests under no legal obligations to devise his property according to the laws of descent and distribution and the mere fact that a testator has ignored such laws is no grounds for setting aside his will. Long v. Long et al., 133 Tex. 96, 125 S.W.2d 1034.

Undue influence has been defined as that dominion acquired by one person over the mind of another which prevents the latter from exercising his discretion and which destroys his free agency and as that

which compels the testator to do that which is against his will from fear, the desire of peace or some feeling which he is unable to resist. Long v. Long et al., 133 Tex. 96, 125 S.W.2d 1034; Morrison v. Thoman et al., 99 Tex. 248, 89 S.W. 409; Pullen et al. v. Russ et al., Tex.Civ.App., 209 S.W.2d 630.

A careful review of the record in this appeal reveals no evidence to support the allegation of undue influence exercised upon the testatrix by Rosa or Ernest Thomas of such probative forces as to sustain the finding of undue influence by the jury.

Under the facts in this record we think that the judgment rendered in favor of appellees contesting the probate of said will is not supported by the evidence, and the contestants having failed to offer evidence of sufficient probative forces to nullify or vitiate the will, judgment should have been rendered in favor of proponents at the conclusion of the testimony, as a matter of law.

The judgment of the trial court will be reversed and judgment here rendered in favor of appellant.