The ESTATE of Manley H. WILLIAMS, Deceased.

Lillian Williams JOYCE et al., Appellants,

v.

Louise G. WILLIAMS, Appellee.

No. 13143.

Court of Civil Appeals of Texas.

San Antonio.

April 10, 1957.

Rehearing Denied May 8, 1957.

William S. Fly, Cory & Larsen, Victoria, for appellants.

Kelly, Hunt & Cullen, Victoria, for appellee.

POPE Justice.

This is an appeal from a judgment which admitted to probate the last will of Manley H. Williams. In a contest, the jury found, upon a single issue which was submitted to them, that the will was not procured through the undue influence of testator's wife, Louise Williams. Louise Williams was the applicant for the probate of the will. Appellants are the next friends of two minor children of testator, born of former marriages, and they unsuccessfully contested the will. They assert that there was error in the trial because (1) contestee's counsel, during the trial and during argument, made improper and prejudicial remarks about the exclusion of testimony because of Article 3716, and (2) the attorneys for contestee testified, though they fell within the ban of Article 3716 as interested parties.

■ The first point concerns the claim that contestee's counsel made improper remarks before the jury concerning the Dead Man's Statute, Art. 3716, Vernon's Ann. Civ.Stats. The situation arose in this manner: At the commencement of the trial, and before evidence was produced, contestants' counsel approached the bench and, out of the hearing of the jury, asked the court to instruct both contestee, Louise Williams, and her counsel not to testify in violation of Article 3716, which contestants intended strictly to invoke. The court gave those instructions. Contestants then called Louise Williams, contestee, as a witness. The condensed and abbreviated statement of facts shows that the contestants questioned Louise Williams who was an adverse party. The questions concerned some trips that she had made, and her responses clearly showed that they were made with her husband, the testator. Contestants had the right under Article 3716 to call and question her, for that article does not exclude the testimony of a party when "called to testify thereto by the opposite party."

On the third day of the trial, contestants called a man, Willie Raines, to testify concerning some of his observations of the relations between testator and contestee. Raines was not a party to the suit. He was in no way concerned with the subject matter or parties to the suit. While he was testifying, counsel for contestee made these remarks, which present the claimed error:

"I would like to enlarge on the Dead Man Statute. I don't know what this witness is going to testify to what Mr. Manley Williams may have said or Mrs. Williams may have said, I want to raise the question now I am going to put Mrs. Williams on the witness stand and testify also concerning that conversation herself and I must if they are opening up this question of the Dead Man Statute. If you want to go into it, all right, but I hope the Court will remember the only way we can rebut it is by her own testimony. * * * If he goes into anything about what Manley Williams said our only chance of rebuttal will be by putting on Mrs. Williams."

While counsel for contestants was arguing the case to the jury, he discussed the testimony of Willie Raines, and counsel for contestee again alluded to the ex-

clusionary force of the statute and stated in the presence of the jury:

"If the Court please, I am going to object to this part of the argument. It will be recalled I tried to put on witnesses to rebut this testimony and it was objected to and I am going to object to this line of testimony right now."

When contestee's counsel first mentioned the Dead Man's Statute while Willie Raines was testifying, contestants' counsel stated to the court: "Mr. Kelly is now putting us in a prejudicial position here in addressing himself to the Court in regard to this Dead Man Statute." The court replied, "Objection overruled. We can thrash that out later. Go ahead." When contestee made the other reference to Article 3716 during argument, contestants again objected to the remark and the court instructed the jury not to consider the remark.

■ This is the sequence of events, insofar as they touched the contestee's references to the exclusion of her evidence by the Dead Man's Statute. In our opinion, the references constituted reversible error. The remarks were in no way invited. Logsdon v. Segler, Tex.Civ.App., 225 S.W.2d 435. Willie Raines was not a party to the suit, and Article 3716 in no way excluded his testimony. The introduction of his competent testimony did not authorize the introduction of contestee's contradictory testimony. Royall v. Holloway, Tex.Com. App., 118 Tex. 1, 299 S.W. 862. While Raines was testifying, contestee's counsel in the presence of the jury stated that contestee, Mrs. Williams, could dispute what Raines was saying, that he would offer her as a witness for that purpose, that contestants were "opening up this question of the Dead Man's Statute," and the only way the contestee could dispute it was for her to take the witness stand. He repeated that "our only chance of rebuttal" was to put his client on the stand. Emphasis for each of these improper statements is given by a remark of contestee's counsel during argument, when he reminded the jury that he endeavored to rebut Raines' testimony by "putting on witnesses," and was forbidden by the court's ruling.

■ Contestants were fortunate in having, through Willie Raines, a non-party, evidence that did not violate Art. 3716. Contestee, from the record, did not have rebutting testimony, but counsel, by his objection and his argument, supplied the testimony inferentially, by stating that they had rebutting testimony but it was excluded by the Dead Man's Statute, and the rulings of the court. Twice this point was made to the jury in language they could understand. The inference from the objection and argument complained about is, that Raines' competent testimony was not true but contestee was not permitted to prove the untruth. If the force of an exclusionary rule of evidence may be thus dissipated, the one who follows the rule will suffer at the hands of him who violates it. The one with competent evidence must lose from the inferences drawn from evidence excluded by the court. Article 3716 excludes certain evidence, and that rule should not be used as an instrument to beat down the force of proper evidence. This is the result if argumentative conclusions about excluded testimony may be used to rebut proper evidence. In the way this dispute over Raines' testimony finally appeared to the jury, Raines' proper testimony was fully disputed by the contestee's arguments and conclusions. This was error. Raines was offered as a witness by contestants to prove undue influence upon the testator. That was the only real issue, and contestee effectively put the point before the jury that she had rebutting evidence, but the court would not permit her to prove it. This was harmful and reversible error, for the reason explained in Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291, 296.

"Counsel for petitioner obviously had no other purpose in asking this question and eliciting this answer than

to leave the impression before the jury that respondents had taken advantage of some technicality of the law in not permitting petitioner to give them the full facts in the case. This procedure was similar to that condemned in Brackenridge v. Roberts, 114 Tex. 418, 267 S.W. 244 [270 S.W. 1001], wherein this court held it was error to permit counsel to state to the jury that certain witnesses were not permitted by statute to testify to transactions with the deceased, and for that reason counsel were afraid to let them testify. In that case it was held that such conduct was violative of the principle and spirit of article 3716 and constituted reversible error. Respondents herein had the statutory right to exclude petitioner's testimony in this particular and their case should not be prejudiced because they exercised this right. Carvajal v. Casanova, Tex.Civ.App., 62 S.W. 428; McMahan v. City of Abilene, Tex.Civ.App., 8 S.W.2d 554."

 The case must be reversed, but we shall discuss the other point, since it will be raised on the retrial. Three members of the law firm who represented contestee, testified to the circumstances surrounding the execution of the will, and that it was not the result of undue influence. Contestants objected to the testimony of all three of the witnesses, on the grounds that they were interested parties under the Dead Man's Statute. The court permitted a voir dire examination touching the nature of the fee arrangement. In answer to a direct question by the court, leading counsel stated that there was no verbal or written contract for a contingent fee. The court then permitted the attorneys to testify, and in this it did not err. Attorneys who prepare a will and then seek its probate have consistently been permitted to testify over the objection that they are within the prohibition of Article 3716, when it is not demonstrated that they have a contingent fee. In re Hardwick's Estate, Tex.Civ.App.,

278 S.W.2d 258; Krumb v. Porter, Tex. Civ.App., 152 S.W.2d 495; Hudson v. Fuson, Tex.Civ.App., 15 S.W.2d 166.

The judgment is reversed and the cause remanded.