Harrison Eugene SCHOENHALS et al.,
Appellants,

v.

Rosa A. SCHOENHALS, Appellee.

No. 7233.

Court of Civil Appeals of Texas.

Amarillo.

March 4, 1963.

Rehearing Denied April 1, 1963.

Crow & Crow, Canadian, for appellants.

Roy Sansing, Higgins, Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellee.

DENTON, Chief Justice.

This suit involves a contest of the will of Harry F. Schoenhals, deceased. Mr. Schoenhals died on May 15, 1959, and his will was probated on June 1, 1959. The suit which originated this controversy was filed on May 17, 1961, in the County Court of Lipscomb County by Carlos Garner Schoenhals, a son of the deceased. That suit was filed against Harrison Eugene Schoenhals, another son of the deceased

and independent executor of the estate. This suit, in the nature of a contest, sought to delete the following phrase from the will as probated: "Subject to any indebtedness existing against the land at the time of my death". This clause referred to one and one-fourths sections of land devised to the contestant and his brother, Harrison Eugene Schoenhals, share and share alike. The contest was based on the allegation this disputed clause was inserted in the will after its execution by the testator. On May 29, 1961, the County Judge entered a judgment cancelling and deleting the clause complained of.

On June 28, 1961, appellee filed an instrument designated "Bill of Review." Service was had on both the executor and Carlos Garner Schoenhals. This Bill of Review was considered by the County Judge on September 22, 1961, and on that date he entered judgment setting aside the court's judgment of May 29, 1961. It is from the September judgment that the appellants excepted and gave notice of appeal to the District Court of Lipscomb County. Based on the jury verdict, the District Court entered judgment sustaining the County Court's judgment of September 22, 1961. Appellants have duly perfected their appeal from that judgment.

 By counterpoint, appellee makes the contention the District Court erred in failing to dismiss appellants' appeal from the Courty Court for want of jurisdiction. Appellants timely entered into an appeal bond which was set by the court, approved and filed on October 2, 1961. Although the clerk's records themselves do not reflect when the transcript was actually filed with the clerk, the District Court's civil docket shows the date of filing was December 29, 1961. Rule 334, Texas Rules of Civil Procedure, requires the county clerk to immediately transmit the original papers of the probate proceeding to the clerk of the District Court. The rule then requires the district clerk to immediately file and docket the cause. This purported transaction took place prior to September 1,

1962, when Rules 332, 333 and 334, T.R.C.P., were rewritten and rearranged. We are, therefore, governed by the above-named rules as they were before the effective date of their change. It is undisputed appellants complied with Rule 332 when they entered into an appeal bond which was approved and filed with the county clerk. Upon the appeal bond being filed, Rule 334 required the county clerk to take the action mentioned above. It is then the duty of the district clerk to perform his duties as stated. However, in the instant case, the clerk of the County Court and of the District Court of Lipscomb County are one and the same person, using the same office facilities. Under these circumstances, and where the appeal bond was timely filed and approved, and where the complete record was filed and in the official possession of the clerk of both courts, we cannot say the appeal from the County Court to the District Court was not properly perfected under the applicable rules then in effect.

Although the evidence in this case was relatively short and to a great extent undisputed, the record is made confusing and complex by the various motions and countermotions filed by both parties in the County Court and District Court. There was an apparent difference of opinion by counsel throughout the trial as to what basic issues were involved. As we understand it, the primary question to be determined is whether or not there is any evidence or sufficient evidence to support the jury finding that the interlineation was made before the will was executed. In order to decide this question, we must pass on the validity of appellee's Bill of Review; the admissibility of testimony of Mrs. Clara Sansing and Victor Schoenhals; and whether or not the trial court erred in refusing to dismiss counsel for appellee and strike all pleadings filed by said counsel.

 In addition to overruling both parties' motion for summary judgment, the trial court overruled appellee's motion to

dismiss appellants' appeal to the District Court; overruled appellants' motion to dismiss counsel for appellee, and the motion to strike appellee's pleadings. If these rulings of the trial court were correct, we then come to the basic question of whether or not the jury verdict is supported by the evidence. The crux of the case is whether or not the will was executed in the form in which it was originally probated on June 1, 1959. Both the suit to contest the will filed May 17, 1961, and appellee's Bill of Review, which attacked the judgment sustaining the contest, go to this basic question. The County Court's judgment of September 22, 1961, set aside the court's prior judgment which deleted the clause in controversy. The September judgment is the basis of the appeal to the District Court, and it is fundamental the latter court shall try the case de novo.

■ Appellants' Bill of Review was not equitable in nature but statutory, and is provided for by Section 31 of the Probate Code, V.A.T.S. In our opinion it meets the requirements of that article. A statutory bill of review is not subject to the limitations or requirements of an equitable review. Janson v. Jacobs, 44 Tex. 573, Supreme Court. The primary basis of the Bill of Review was that appellee, Rosa A. Schoenhals, had a substantial interest in the estate of the deceased, and that she was not made a party to the contest filed by Carlos Garner Schoenhals. As residuary devisee, Rosa A. Schoenhals' estate would be vitally affected by the deletion of the controversial clause. The extent of her estate depended on whether or not appellant and his brother took the one and one-fourths sections of land subject to the $7,000 to $8,000 indebtedness, which the record shows existed at the time of the testator's death. As a party with a real and present interest in the judgment under question, appellee was a necessary party to that suit. Hunt v. Ramsey, 162 Tex. 133, 345 S.W.2d 260. Although the petition filed on May 17, 1961, was designated "Contest of Carlos Garner Schoenhals" it was, in effect, a bill

of review and as such was a direct attack on the judgment admitting the will to probate. Therefore, all persons who might be in any way affected by its result must be before the court. Hannon v. Henson, (Com.App.), 15 S.W.2d 579. Pure Oil Company v. Reece, 124 Tex. 476, 78 S.W.2d 932, (Opinion Adopted). We are of the opinion and so hold appellee's Bill of Review was properly allowed.

Subsequent to perfecting their appeal to the District Court, appellants filed a motion to dismiss counsel for appellee and to strike all pleadings filed by them. This motion was based on allegations that counsel, who had written and witnessed the will in controversy, had filed the will for probate, and subsequently represented appellee in the proceedings outlined above.

■ In the case at bar the District Court acted as a court of appellate probate jurisdiction and, as such, the District Court can exercise only appellate jurisdiction. Cogley v. Welch, (Com.App.), 34 S.W.2d 849. First State Bank of Bellevue v. Gaines, 121 Tex. 559, 50 S.W.2d 774. It is equally well settled that where an appeal is made from the county court to the district court involving proceedings in a bill of review, the jurisdiction of the district court, being appellate in nature, the issues are limited in the latter court to the issues properly raised in the county court. Constitution, Article V, Section 8, Vernon's Ann.St. Jones v. Sun Oil Company, 137 Tex. 353, 153 S.W.2d 571. Although this issue was not raised until the case reached the District Court, we do not think it advisable to dismiss appellants' point of error on this narrow ground.

■ One of appellee's attorneys, Roy Sansing, had represented the deceased for many years, and at his request prepared the will in controversy. Immediately after the funeral Mr. Sansing had conferences with the deceased's heirs, including all parties to this suit. The will was taken from the attorney's safe and was read to all those present. Photostatic copies were then made

and all interested parties were given a copy. From the questions asked and the general discussion had at that meeting, Mr. Sansing assumed he was to probate the will. Within a few days, he filed the petition to probate the will. After this was done, Mr. Sansing received two letters from the executor. One dated May 20, 1959, asked Mr. Sansing to delay the probate until he could confer personally with the attorney; and the other letter dated June 6, 1959, asked him not to proceed with the probate. However, on June 3, 1959, which was after the first letter and prior to the second letter, the appellant executed his oath as executor before Mr. Sansing as a Notary Public. On July 22, 1959, Mr. Sansing requested and was granted permission of the County Judge to withdraw from the case as attorney for the estate. The next pleading filed by Mr. Sansing, in corroboration with the associating firm of record here, was the Bill of Review filed June 28, 1961. As previously stated, this pleading sought to set aside the County Court's judgment of May 29, 1961, and in effect sought to uphold the will as originally probated.

This Court is not unmindful of the strict requirements placed on attorneys by our Canons of Ethics and State Bar rules, Vernon's Ann.Civ.St. following article 320a–1, and certainly these rules of conduct should be strictly adhered to. However, under all the circumstances, and when viewed in the light of the jury finding that the admitted interlineation was made before the will was executed, we cannot say Mr. Sansing's conduct was such as to justify the trial court ordering his dismissal from the case. The record bears out the fact Mr. Sansing originally represented the estate in good faith; that after the will was probated on June 1, 1959, the executor took his oath before this same attorney, and that after a definite request was made by the executor, Mr. Sansing withdrew without prejudice to represent others in the suit. It was some twenty-three and one-half months later that appellant's brother filed the contest, and it is undisputed that

both of the brothers had the same interest in the estate. Of course, the problem here arose out of the fact the will contained the interlineation. However, the jury as judges of the credibility of the witnesses, accepted the explanation of Mrs. Sansing, and found the interlineation was made prior to the execution of the will. If this be so, and there is no evidence to the contrary, and when it is viewed under all the circumstances of the case, we conclude the trial court did not err in failing to dismiss counsel for the appellee.

■ Appellants' objection to the admission of testimony of Mrs. Sansing, the wife and secretary of one of appellee's attorneys, is based on the same general grounds advanced for the dismissal of the attorney. As the one who typed the will and served as one of the witnesses to its execution, she testified the interlineation was inserted after the will had been typed; but before the deceased actually signed it, and that the interlineation was made at the specific request of the testator. Appellants' contest of the will brought into issue the question of the interlineation. The one who actually prepared the instrument was justified in giving testimony on this issue. In re Hardwicks' Estate, (Tex.Civ.App.), 278 S.W.2d 258, (Refused, NRE). Hudson v. Fuson, (Civ.App.), 15 S.W.2d 166, (NWH). For this reason together with our ruling concerning the motion to dismiss counsel, we are of the opinion this point of error is without merit.

■ The deceased's brother, Victor Schoenhals, was permitted to testify over appellants' objection concerning a statement made by the deceased to the witness after the will had been executed. The witness testified the deceased, Harry F. Schoenhals, made the following statement: "I made the land to the boys and the personal property to Rosa. I made the land to the boys and the land debts go with the boys, go with the land, but I could live ten or fifteen years, and * * *." Although declarations of a testator standing alone

are not sufficient to establish the execution or the contents of an alleged will, such declarations made before or after the execution of the will are admissible in corroboration of the main fact sought to be proved. Compton v. Dannenbauer, 120 Tex. 14, 35 S.W.2d 682, 79 A.L.R. 1488; Bennett v. Jackson, (Tex.Civ.App.), 172 S.W.2d 395, (Refused for want of Merit.); In re Williams' Estate, (Tex.Civ.App.), 135 S.W.2d 1078; Miller v. Miller, (Tex. Civ.App.), 285 S.W.2d 373. Texas Law of Evidence, Second Edition, Section 895. The main fact sought to be established here is that the interlineation was inserted in the will prior to its execution. The statement attributed to the deceased was admissible to show the will as probated carried out the intentions of the testator.

■ Appellants' last two points of error complain that the verdict is not supported by any evidence, and the verdict is against the great weight and preponderance of the evidence. Except for the will itself and the photostatic copies thereof, along with the testimony of a handwriting expert that the clause was an interlineation, there was no evidence in the record concerning the interlineation except the testimony of Mrs. Sansing and Victor Schoenhals discussed above. It is admitted by the appellee that the clause is an interlineation. Once again the basic question is when was the interlineation inserted in the will. Mrs. Sansing positively testified that the insertion was made prior to the execution of the will, and the testimony of Victor Schoenhals corroborated that testimony. The handwriting expert could not and made no attempt to testify as to when it was made. Appellants rely on two grounds to support this evidentiary contention: The testimony of Mrs. Sansing and Victor Schoenhals is inadmissible; and the photostatic copies of the will contained the word "and" immediately preceding the clause in question, while the word "and" had been erased from the original will. Mrs. Sansing explained the presence of the word in the photostatic copies by testifying she must have neglected

to erase this word from the copies but did so on the original. It is not contended that the presence of the word "and" would alter the meaning of the will, but only that its presence on the photostatic copies and its absence on the original is evidence of an alteration. After reviewing this record, we are of the opinion, and so hold, the verdict of the jury is amply supported by the evidence.

After carefully reviewing the entire record, we are of the opinion it reflects no reversible error. The judgment of the trial court is accordingly affirmed.

Affirmed.