Nettie Whitley Otis **HENDERSON,**
Appellant,

v.

Marie **BARRETT,** Appellee.

No. 4203.

Court of Civil Appeals of Texas.

Waco.

Feb. 20, 1964.

Rehearing Denied March 12, 1964.

Walter Chalmers, Houston, for appellant.

E. H. McLaren, Madisonville, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment refusing to probate a will.

Appellant, Nettie Whitley Henderson, offered the will of her mother, Willie Whitley, dated February 12, 1958, for probate. The probate of such will was opposed by appellee (a granddaughter of deceased), on the ground that the deceased had executed a valid will on September 21, 1959, which later will, expressly revoked the 1958 will offered for probate.

Trial was to a jury which, in answer to the sole special issue submitted, found that the deceased revoked the 1958 will. Judgment was entered on the verdict denying probate of the 1958 will.

Appellant appeals, contending that the Trial Court erred in denying probate of the 1958 will for the following reasons:

1) Appellee failed to prove that testatrix was over 19 years of age when the 1959 will was executed, and failed to prove that the witnesses to such will were over 14 years of age.

2) Appellee failed to produce both witnesses to the 1959 will.

3) The Trial Court erred in admitting into evidence a photostat of the carbon copy of the 1959 will, retained by the attorney, who prepared such will.

4) The Trial Court erred in admitting into evidence testatrix' husband's 1959 will, and probate proceedings thereon.

5) Testimony of the attorney who prepared the 1959 will, was inadmissible as violative of the Dead Man's Statute.

The record reflects that the deceased testatrix, Willie Whitley, and her husband, in 1958, executed a joint will leaving their property to the survivor for life, and upon death of the survivor, to their two children, Nettie and Sybil. (Such will did not leave anything to 3 grandchildren, children of 2 deceased sons).

On September 21, 1959, Mr. and Mrs. Whitley executed new separate wills, each containing a clause expressly revoking all other wills theretofore made. Mr. Whitley's 1959 will left everything to Mrs. Whitley; and Mrs. Whitley's 1959 will left everything to Mr. Whitley. Mr. Whitley died in August, 1962, and his 1959 will was probated. Mrs. Whitley died in September, 1962, and appellant offered the 1958 will of Mrs. Whitley for probate. Appellee contested on the ground that the 1959 will revoked the 1958 will.

The record reflects that testatrix was over 19 years of age, as well as the fact that she was married, when she executed the 1959 will; and that the witnesses were over 14 years of age. One of the witnesses was an attorney at law, and before the court during the instant proceeding.

The 1959 will could not be produced, and the trial court permitted one of the witnesses to it, to testify as to its execution and contents. The Trial Court further admitted into evidence a photostat of the carbon file copy of the will, of the attorney who drew the will. Still another witness testified that she heard testatrix read the 1959 will aloud at the time that she signed it. The Trial Court further permitted the introduction into evidence of Mr. Whitley's 1959 will and the probate proceedings probating such 1959 will.

 Testimony of only one of the witnesses to the 1959 will was sufficient to prove it. The photostat of the attorney's carbon file copy of the absent will, along with his testimony, was admissible as the best available evidence of the absent and missing will. Mr. Whitley's will and probate proceedings of his will, were admissible as a circumstance tending to show revocation of the 1958 will.

The attorney who prepared the 1959 will, testified as to its preparation, contents, and execution, and identified the photostat of the file carbon copy retained by him of such will. He testified he had no contingent fee contract in the instant case. Such testimony was admissible, and was not violative of the Dead Man's Statute. See: Trantham v. Roper, Tex.Civ.App., 308 S.W.2d 195 n. r. e.; Joyce v. Williams, Tex.Civ.App., 301 S.W.2d 696 n. r. e.

We think the Trial Court properly submitted the sole issue in the case; that the jury's answer to such issue is amply supported by the evidence; and that the judgment is correct.

All of appellant's points and contentions are overruled and the judgment of the Trial Court is affirmed.